# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

MICHAEL L. ANDERSON                                              PETITIONER
ADC #130293

V.                                    NO. 5:14cv00341-JLH-JTR

WENDY KELLEY,[1] Director,                                      RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

Mail any objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

---

[1]Wendy Kelley became Director of the Arkansas Department of Correction on January 13, 2015, and is automatically substituted as Respondent pursuant to Fed. R. Civ. P. 25(d).

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Michael Anderson ("Anderson"). *Doc. 2.* Before addressing Anderson's habeas claims, the Court will review the procedural history of the case in state court.

In September 2007, an Ashley County jury convicted Anderson of five counts of committing a terroristic act and one count of being a felon in possession of a firearm.[2] He received an aggregate sentence of 1320 months. *Doc. 9-1.*

Anderson appealed, arguing that the trial court erred: (1) in denying his motion for directed verdict challenging the sufficiency of the evidence at trial; (2) in summoning a second panel of prospective jurors without informing Anderson; and (3) in denying his motion for new trial based on a possible relationship between a seated juror and one of the victims. On February 24, 2010, the Arkansas Court of Appeals affirmed Anderson's convictions. *Anderson v. State*, 2010 Ark. App. 177.

Following the Arkansas Court of Appeals decision, Anderson had eighteen calendar days, until March 14, 2010, to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a) (2010). Because March 14 fell on a Sunday,

---

[2]According to the record, there was evidence that Anderson was a felon, that he and an accomplice "were shooting wildly inside [a] nightclub" on the night in question, and that seven people were shot. *See Anderson v. State*, 2010 Ark. App. 177 at 1; *Anderson v. State*, 2013 Ark. 332 at 7.

the deadline became Monday, March 15, 2010. *See* Ark. R. App. P.-Crim. 17. Anderson did not file a petition for review with the Arkansas Supreme Court.

On May 10, 2010, Anderson filed a timely Rule 37 petition for post-conviction relief in the trial court, raising various ineffective assistance of counsel claims.[3] *See Doc. 2, at 3-5.* On July 25, 2011, the trial court entered an order denying the Rule 37 petition. *Doc. 2, Ex. 9.*

Anderson appealed. On September 19, 2013, the Arkansas Supreme Court affirmed the trial court's denial of Anderson's Rule 37 petition. *Anderson v. State*, 2013 Ark. 332.

On September 8, 2014, Anderson initiated this *pro se* habeas action. He argues that his trial lawyer was ineffective for: (a) failing to challenge the sufficiency of the criminal information; (2) failing to object to an erroneous jury instruction; and (3) failing to make an adequate motion for directed verdict. *Doc. 2, at 17-28.* Respondent argues that Anderson's habeas claims: (1) are time-barred; and (2) were reasonably adjudicated by the state courts. *Doc. 9.* Anderson filed a Reply. *Doc. 11.* Thus, the issues are joined and ready for disposition.

For the reasons discussed below, the Court recommends that the Petition be

---

[3]*See* Ark. R. Crim. 37.2(c)(ii) (petition must be filed within sixty days of issuance of the appellate court mandate affirming a conviction).

denied as untimely.[4]

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a state prisoner who does not seek review in a state's highest court, the judgment becomes "final" on the date that the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

On February 24, 2010, the Arkansas Court of Appeals affirmed Anderson's convictions. Because he did not file a petition for review with the Arkansas Supreme Court, his convictions became "final" on March 15, 2010. *See King v. Hobbs*, 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (for purposes of triggering the statute of limitations, the "conclusion of direct review" in cases from the Arkansas Court of Appeals includes the time allowed for petition for review from the Arkansas Supreme Court).

Anderson initiated this federal habeas action on September 8, 2014, over four

---

[4]Accordingly, the Court need not address Respondent's other argument.

years later.[5]

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). However, the limitations period is *not* tolled in the interval between the conclusion of direct review and the filing of a state post-conviction petition. *Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011) ("although the limitations period is tolled during the pendency of a state post-conviction relief application, ... the period is not tolled *prior to the filing* of the state application"), *cert. denied*, 132 S. Ct. 1113 (2012).

Applying these tolling rules, the one-year limitations period for Anderson to timely file his federal habeas Petition is calculated as follows:

(1)    February 24, 2010: The Arkansas Court of Appeals affirms Anderson's convictions. He has until March 15, 2010, to file a timely petition for review with the Arkansas Supreme Court.

(2)    March 15, 2010: Anderson fails to file a petition for review with the

---

[5]Although the Clerk of Court received and file-stamped Anderson's habeas Petition on September 11, 2014, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. Anderson certified that he placed his Petition in the prison mailing system on September 8, 2014. *Doc. 2, at 29.*

Arkansas Supreme Court, and his convictions become final on that date.

(3)     March 16, 2010: The one-year statute of limitations begins to run.

▸     *55 days run against the statute of limitations.*

(4)     May 10, 2010: The one-year limitations period is tolled when Anderson files his Rule 37 petition in state court.

(5)     September 19, 2013: The Arkansas Supreme Court affirms the trial court's denial of Rule 37 relief.

(6)     September 20, 2013: The limitations period resumes running.

▸     *310 days run against the statute of limitations, which expires on July 28, 2014.[6]*

(7)     **July 28, 2014: Deadline for Anderson to file a § 2254 habeas petition.**

(8)     September 8, 2014: Anderson "files" his § 2254 habeas Petition, six weeks *after* the expiration of the statute of limitations.

To excuse his untimeliness, Anderson argues that the fifty-five days between the date the Arkansas Court of Appeals affirmed his conviction (February 24, 2010) and the date he filed his Rule 37 petition (May 10, 2010) should not be counted against the one-year period of limitation, which would make his Petition timely. To support this argument, Anderson notes that, during these fifty-five days, his convictions had not yet become "final" because he was still within the ninety-day

---

[6]Technically, the 365th day was Saturday, July 26, 2014. Because Saturdays and Sundays are not counted if the statute expires on one of those days, this meant Anderson had until Monday, July 28, 2014, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1) (a deadline continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday).

period for filing a petition for writ of certiorari in the United States Supreme Court. According to Anderson, under *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999), the statute must be tolled for these fifty-five days. While Anderson admits that *Nichols* is no longer the law, he contends that, because it was "the controlling precedent for Eighth Circuit cases" at the time he was convicted and sentenced, it is still controlling precedent for purposes of his case. *Doc. 11, at 19.*

In *King v. Hobbs*, *supra*, the Eighth Circuit rejected this *identical argument* made by another § 2254 habeas petitioner from Arkansas:

> In *Riddle v. Kemna*, our en banc court concluded that the state supreme court was Missouri's "state court of last resort." 523 F.3d 850, 855 (8th Cir.2008) (en banc). Riddle had not applied to transfer his case to the Missouri Supreme Court, and thus we concluded that his conviction became final when the Missouri Court of Appeals issued its mandate on direct appeal. We held that "because the United States Supreme Court could not have reviewed Riddle's direct appeal, 'the expiration of time for seeking [direct] review' does not include the 90–day period for filing for certiorari." *Riddle*, 523 F.3d at 855 (alteration in original). *Riddle* overruled the holding of our earlier en banc decision in *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir.1999) (en banc), that [the] statute of limitations did not begin to run until ninety days after the Missouri Court of Appeals denied the direct appeal.

> In *Parmley v. Norris*, 586 F.3d 1066 (8th Cir.2009), a panel of our court applied the analysis set forth in *Riddle* to determine when the statute of limitations began to run for an Arkansas prisoner. After examining Arkansas court procedures, we concluded that the Arkansas Court of Appeals was not the "state court of last resort." *Parmley*, 586 F.3d at 1073.

*King*, 666 F.3d at 1135. The Court went on to hold that, because the "analytical

framework" applied in *Riddle* and *Parmley* was the law of the circuit "*when King filed his petition for habeas relief*," the petitioner was not entitled to a ninety-day toll on the statute of limitations. *Id.* at 1136 (emphasis added).

Anderson filed this § 2254 action in September 2014, which was six years *after Riddle* overruled *Nichols*, and five years *after* the Eighth Circuit applied *Riddle*'s analysis in *Parmley* to determine the limitations period for § 2254 habeas petitioners from Arkansas. Thus, Anderson's convictions became "final" on March 15, 2010, his deadline for filing a petition for review with the Arkansas Supreme Court, and the federal statute of limitations began running the next day.

Next, Anderson argues that his untimeliness should be excused based on the "actual-innocence" exception set forth in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *Doc. 11, at 20.* In *McQuiggin*, the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations. *Id.* at 1928. The Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547

U.S. 518, 538 (2006)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951-53 (8th Cir. 2011), *cert. denied*, 133 S. Ct. 137 (2012). The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis"), *cert. denied*, 134 S. Ct. 58 (2013).

Anderson comes forward with *no new evidence of innocence*, simply arguing that "failure to consider his ineffective assistance of counsel claims would result in a fundamental miscarriage of justice." This is insufficient to meet the demanding actual-innocence standard.

Finally, although not specifically argued by Anderson, the Court has considered whether there might be any basis for him to claim equitable tolling of the one-year limitations period. A federal habeas petitioner may be entitled to equitable tolling if he shows: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

First, Anderson has not demonstrated that he pursued his rights diligently. After the Arkansas Supreme Court affirmed the denial of Anderson's Rule 37 petition, in September 2013, he waited almost a year before initiating this federal habeas action. This does *not* show diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he waited five months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no equitable tolling where petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Second, Anderson has not alleged, much less demonstrated, any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004); *see also King*, 666

F.3d at 1137 (no "extraordinary circumstance" due to *Riddle*'s abrogation of *Nichols* because, "[g]iven the amount of time between issuance of *Riddle* and King's ... deadline [for filing a § 2254 petition], we cannot say that *Riddle* stood in King's way of timely filing his petition"). For both of these reasons, Anderson is not entitled to equitable tolling.

Accordingly, all of Anderson's habeas claims are time-barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS 7th DAY OF April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE